**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

Kate A. Rochat
Assistant U.S. Attorney
Kate.Rochat@usdoj.gov
(503) 727-1000



**DEPARTMENT OF JUSTICE**
United States Attorney's Office
United States Attorney Natalie K. Wight
District of Oregon

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

March 21, 2025

Megha Desai
Office of the Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204

      Re:    *United States v. Diedrich Holgate,* Case No. 3:24-cr-00389-SI
             Final Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and Defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant agrees to plead guilty to Count 2 of the Indictment: Interstate Communication with a Threat to Injure, in violation of Title 18, United States Code, Section 875(c).

3.    **Penalties**: Count 2 carries a maximum sentence of five (5) years' imprisonment, a fine of up to $250,000, a maximum of a three-year term of supervised release, and a $100 special assessment. Defendant agrees to pay the $100 special assessment by the time of sentencing or explain to the Court why this cannot be done. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

4.    **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

///

///

M. Desai
Holgate, Plea Letter
Page 2
December 9, 2024

5. **Elements and Factual Basis**:

In order for defendant to be found guilty of Count Two of the Indictment, the government must prove the following elements beyond a reasonable doubt:

(1) The Defendant knowingly transmitted in interstate commerce a voice message containing a threat to injure AV1; and

(2) Such voice message was transmitted for the purpose of issuing a threat, or with the knowledge that the phone call would be viewed as a threat.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crimes to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty pleas. The following facts are true and undisputed:

On or about July 6th, 2024, in the District of Oregon, Defendant called AV1, who was located in the State of Texas. AV1 was the defendant's former employer. The defendant left a voicemail on AV1's answering machine. In the voicemail, defendant identified himself and stated the following: "I'm going to fucking kill you." This voice message was transmitted in interstate commerce for the purpose of issuing a threat and with the knowledge that the phone call would be viewed as a threat.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to USSG § 2A6.1(a), for Count 2, is a Base Offense Level of 12, prior to adjustments.

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under USSG § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a two-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

M. Desai
Holgate, Plea Letter
Page 3
December 9, 2024

9. **Advisory Guideline Calculation**: The parties stipulate and agree to the applicability of the following base offense level and adjustments on Count 2:

| | | |
|---|---|---|
| U.S.S.G. § 2A6.1 | - Base offense level | 12 |
| U.S.S.G. § 3El.1 | - Acceptance | -2 |
| | | = 10 |

10. **Sentencing Recommendation**: If Defendant agrees to resolve his case and demonstrates an acceptance of responsibility as described above, the government will recommend, as a reasonable sentence under the factors listed in 18 U.S.C. Section 3553(a), **a low-end sentence**, to be followed by three years of supervised release and a $100 special assessment.

**\*\*EARLY RESOLUTION:** Since the defendant agreed to resolve his case prior to the second trial setting, the government will agree to recommend a 2-level downward variance and the low-end of the resulting range.

11. **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant reserves the right to seek any downward departures, adjustments, or variances from the sentencing guideline range.

12. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of defendant's convictions under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

13. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the recommendations of the parties.

M. Desai
Holgate, Plea Letter
Page 4
December 9, 2024

14.     **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.  Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15.     **Breach of Plea Agreement**:  If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing.  If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

16.     **Memorialization of Agreement**:  No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.  If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

17.     **Deadline**:  This plea offer expires if not accepted by **March 31, 2025, at 5:00 p.m**.

Sincerely,

WILLIAM NARUS
United States Attorney

/s/ *Kate A. Rochat*
KATE A. ROCHAT
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney.  I understand and voluntarily agree to its terms.  I expressly waive my rights to appeal as outlined in this agreement.  I wish to plead guilty because, in fact, I am guilty.

_May Day_
Date
5-1-25

_Diedrieh Holgate_, Defendant

Holgate, Plea Letter
Page 5

    I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

5/1/25
Date

Megha Desai, Attorney for Defendant