WILLIAM M. NARUS CAB #243633
United States Attorney
District of Oregon
**KATE A. ROCHAT, OSB #184324**
Assistant United States Attorney
Kate.Rochat@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

### UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:24-cr-00389-SI** |
| **v.** | |
| **DIEDRICH HOLGATE** | **GOVERNMENT'S**<br>**SENTENCING MEMORANDUM** |
| **Defendant.** | |

**Introduction**

The defendant will appear before this Court on July 28, 2025, to be sentenced for Interstate Communications with a Threat to Injure, in violation of 18 U.S.C. § 875(c). The government respectfully recommends a two-level downward variance, a low-end of the resulting guidelines term of imprisonment, and a three-year term of supervised release.

**Factual Background**

**A.    The Offense Conduct**

The defendant is a 46-year-old male with an extensive criminal history. He has multiple felony convictions for terroristic threats. PSR ¶ ¶ 44, 51. He also has a history of resisting or evading arrest. PSR ¶¶ 37, 40-41, 43, 46, 50.

**Government's Sentencing Memorandum**                                            **Page 1**

In April 2024, the United States Secret Service (USSS) began investigating the defendant for threats towards former United States presidents. PSR ¶ 12. Through the course of the investigation, the USSS reviewed multiple threatening communications posted on the social media website, X, as well as information related to several phone calls placed to the White House switch board, USSS regional offices and third persons. PSR ¶¶ 12-15.

On July 6, 2025, the defendant placed a call to Adult Victim 1, his former employer. The defendant left a voicemail stating that he would hang and kill Adult Victim 1. He also claimed that he had a right to kill the president. PSR ¶ 16. Prior to this conduct, investigation showed that the defendant had repeatedly insisted that he has a constitutional right to make such threats. PSR ¶¶ 12-13, 15, 17, 19.

In the months following, the defendant continued to engage in threatening behavior directed at USSS and the President of the United States. He was arrested on October 11, 2024.

### B.        The Charges & Plea Agreement

On October 8, 2024, the Grand Jury charged the defendant with a two-count indictment. Count One alleged that on or about September 7, 2024, within the District of Oregon, the defendant did knowingly and willfully make a threat to take the life of and inflict bodily harm upon the President of the United States to wit: "I'm going to kill the president," in violation of title 18 United States Code Section 871(a). Count two of the indictment alleged that on or about July 6, 2024, the Defendant did knowingly and willfully transmit in interstate commerce a communication to Adult Victim 1, and the communication contained a threat, to wit:" I'm going to fucking kill you," in violation of Title 18, United States Code, Section 875 (c).

Pursuant to a plea agreement, the defendant pleaded guilty to Count Two of the Indictment. The government will move to dismiss Count One of the Indictment and will request

that the defendant receive a two-level variance in consideration for his early resolution. The government recommends this Court impose a term of imprisonment at the low-end of the resulting guidelines.

### C.    The Guidelines Computations

The government agrees with the calculations in the PSR. There are no contested issues.

**Argument**

### A.    The Government's Recommended Sentence

The defendant has spent a significant portion of his adult life in custody and transitioning out of custody. Some of this time is attributable to convictions for terroristic threats. Despite this, the defendant finds himself once more facing a sentence for violating a law criminalizing threats. It appears that he is either unwilling or unable to change his criminal behavior.

In the case for which the defendant is being sentenced, USSS agents confronted and interviewed the defendant following his conduct towards AV1 and the President. Nevertheless, the defendant continued to make threatening phone calls regarding the president, persisting in his belief that there is a constitutional right to threaten others. This belief is contrary to the law and to the safety of the public. This Court should give the defendant a sentence that makes it clear that his conduct was unlawful. This will serve to deter any future criminal activity. The government believes that the low-end of the guidelines is an appropriate term of imprisonment to achieve this goal, while also serving as a period of incapacitation.

Given the defendant's repeat behavior, the government further recommends that the defendant receive the maximum term of supervised release to discourage any further interstate

**Government's Sentencing Memorandum,**                                              **Page 3**

communications of threats and to provide assistance to the defendant in transitioning back into the community.

**Forfeiture and Restitution**

Neither forfeiture nor restitution is an issue in this case.

**Conclusion**

For the foregoing reasons, the government respectfully requests that the Court impose a two-level downward variance, a low-end term of imprisonment, a three-year term of supervised release, and a special fee assessment of $100.

Dated: July 23, 2025                                    Respectfully submitted,

                                                        WILLIAM M. NARUS
                                                        Acting United States Attorney


                                                        **/s/ Kate A. Rochat**
                                                        KATE A. ROCHAT, OSB #184324
                                                        Assistant United States Attorney